CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 19 2020

JULIA C. DUDLEY, CLERK
BY: /s/ OSeagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GLENDA W., | ) |
| | ) |
| Plaintiff | ) Civil Action No. 7:18-CV-450 |
| | ) |
| v. | ) |
| | ) |
| ANDREW SAUL, Commissioner of | ) |
| Social Security, | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| | ) |
| Defendant | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on January 7, 2020, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Glenda W. ("Glenda") has filed objections to the report and this matter is now ripe for the court's consideration.

### I. Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[1] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's

2

attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. 2009), aff'd, 373 F. App'x 346 (4th Cir.); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'") Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

Veney, 539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

3

## II. Judicial Review of Social Security Determinations

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

4

## III. Plaintiff's Objections[2]

Glenda makes the following objections to the magistrate judge's R&R: (1) The magistrate judge erred when he concluded that the ALJ made specific findings regarding whether her impairments would cause her to experience episodes of fatigue or pain; (2) the magistrate judge erred when he ignored the fact that the ALJ relied upon the opinions of the state agency physicians because additional evidence was developed after they rendered their opinions; (3) the magistrate judge erred in finding that the ALJ properly assessed the opinion of Glenda's treating physician; and (4) the magistrate judge erred in finding that the ALJ properly assessed Glenda's subjective allegations of impairment.[3]

It appears to the court that Glenda's overriding objection is to the magistrate judge's finding that the ALJ properly assessed the opinion of her treating physician and that her other objections rely on that finding. Therefore, the court will address that objection first.

### A. Treating Physician's Opinion

Glenda's treating physician, Michael A. Bery, M.D., completed a form at the behest of the Social Security Administration identified as a "Medical Source Statement of Ability To Do Work-Related Activities (Physical)" on March 20, 2018. R. 466-469. On the form, Dr. Bery assessed Glenda as having very limited physical abilities, such as being limited to carrying less

---

[2] Detailed facts about Glenda's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 21) and in the administrative transcript (ECF No. 8) and will not be repeated here.

[3] Glenda also makes a number of one-sentence objections, such as the magistrate judge did not address her argument that the ALJ did not properly consider the evidence of record documenting the severity of her impairments; and the magistrate judge erred in concluding that substantial evidence supports the ALJ's RFC findings and assessment of her subjective complaints. Glenda offers no support for these allegations and cites to no evidence in the record. The court does not address these objections because they are general and conclusory.

than ten pounds, standing or walking less than two hours in an eight-hour workday, sitting less than two hours in an eight-hour workday, needing four hours of rest for pain relief in addition to regular breaks, limits on her ability to push and pull, climb, kneel, crouch, crawl, stoop, handle, and finger, and limits on her ability to work in a cold environment, or around noise, dust, vibration, or hazards. In addition, he noted that she would be absent from work more than three times a month and that her condition had existed and persisted with the restrictions since 2010. However, Dr. Bery noted that except for the pushing and pulling limitations and the postural limitations, the limitations he noted were based on Glenda's statements to him. He further qualified his assessment by noting that the evaluation was done without equipment or weights and that he was not an occupational physician and did not have disability training. R. 466-469.

If Dr. Bery's assessment were accepted at face value, it would lead to a finding that Glenda is disabled because she could do less than a full range of sedentary work. However, the ALJ gave only limited weight to Dr. Bery's opinion, to the extent that the push/pull limitations and the postural limitations he recommended were appropriate given Glenda's medically determinable rheumatoid arthritis and osteoarthritis which could be expected to cause some pain and loss of range of motion. The ALJ found that the remainder of the assessment was not well-supported because it appeared to rely heavily on Glenda's subjective statements, rather than on an evaluation of her limitations based on Dr. Bery's independent observations. R. 29.

Glenda argued to the magistrate judge that the ALJ should have given greater weight to Dr. Bery's assessment and that her reason for giving the opinion only limited weight, i.e.,

6

because it was based on Glenda's subjective statements, was not supported by substantial evidence. Glenda cited to objective evidence in the record showing that she had a poor range of motion in her right wrist, continued edema in her ankles, almost complete fusion of the right ankle, weakness in her right glutes and quadriceps, advanced carpal inflammation arthritis, limited flexion and extension of both hands, bilateral SI joint dysfunction, and osteophyte formation. Glenda also pointed out that a physical therapist had assessed her as being able to walk 200 feet or stand five minutes before needing a break, needing extra time to dress and shower, and as having poor core stabilization and poor posture leading to decreased functional mobility and stability in standing.

The magistrate judge found that the ALJ appropriately considered the relevant factors[4] and the record in determining the weight to give to Dr. Bery's opinion. The magistrate judge pointed out that the ALJ agreed with the push/pull and postural limitations because they were supported by the evidence of Glenda's rheumatoid arthritis and osteoarthritis. In addition, the ALJ reviewed Glenda's medical records and noted that her overall wrist arthritis was well controlled with medication and that her lower extremity symptoms improved significantly after she began her medication regimen. The ALJ also noted medical records showing that Glenda could stand from a seated position without weakness, had good range of motion in her shoulders, elbows, and knees, and no tenderness in her knees or ankles. Finally, the magistrate judge pointed out that Dr. Bery said he was relying on Glenda's subjective

---

[4] If an ALJ determines that a treating physician's opinion is not entitled to controlling weight, she must consider (1) the length of treatment and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence in the record that supports the opinion; (4) the opinion's consistency with the record as a whole; and (5) the treating physician's specialty. 20 C.F.R. § 404.1527(c)(2)-(5).

7

statements and did not evaluate her limitations based on his own independent observations. The magistrate judge concluded that substantial evidence supported the ALJ's decision to accord Dr. Bery's opinion limited weight.

In her objections, Glenda argues that the magistrate judge failed to recognize that objective evidence also supported Dr. Bery's assessment and failed to recognize that the ALJ "cherry-picked" the evidence and ignored the objective evidence of record supporting Dr. Bery's opinion. However, Glenda did not cite to the record or describe any evidence that the magistrate judge overlooked. Rather she cited to the brief she filed in support of her motion for summary judgment and to the R&R.

The objections are a rehashing of the arguments Glenda raised to the magistrate judge, which does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Veney, 539 F. Supp. 2d 841 at 846. The magistrate judge thoroughly reviewed the record and the ALJ opinion before finding substantial evidence supported the ALJ opinion. In the absence of citation to the record, the court declines to comb through the record looking for evidence to support Glenda's objection. Accordingly, the court **OVERRULES** Glenda's objection that the ALJ failed to give proper weight to Dr. Bery's assessment of her limitations.

### B. Specific Findings

Glenda argued to the magistrate judge that the ALJ failed to determine on a function-by-function basis how her impairments affect her ability to work, and in particular, failed to make specific findings regarding her inability to maintain a static work posture or to lie down and rest during the day.

8

Regarding the function-by-function analysis, the magistrate judge first noted that in Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), the Fourth Circuit rejected a per se rule requiring remand when the ALJ did not perform an explicit function-by-function analysis. The Mascio court found that remand may be appropriate when an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where the ALJ's analysis otherwise frustrates meaningful review. The magistrate judge further noted that Glenda's case differs from Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016), where an ALJ found that a claimant had the severe impairments of narcolepsy and sleep apnea but failed to sufficiently address his symptoms when developing the RFC. In Glenda's case, her alleged inability to maintain a static work posture and her need to lie down for four hours were subjective symptoms rather than severe impairments recognized by the ALJ.

The magistrate judge found that although the ALJ did not provide a function-by-function analysis, she did provide a detailed summary and analysis of Glenda's medical records, testimony, and opinion evidence, and concluded that the alleged limited effects of her impairments were not fully consistent with the objective evidence and other evidence in the record. The magistrate judge concluded that substantial evidence supported the ALJ's determination that Glenda's subjective complaints were not supported by objective evidence in the record, and that the narrative discussion sufficiently supported her determination of Glenda's RFC.

Glenda objects to the finding and argues that the ALJ failed to make the function-by-function analysis called for in Monroe and failed to make specific findings about whether her impairments would require her to take breaks and if so, for how long. However, as the

9

magistrate judge correctly pointed out, the Fourth Circuit does not require remand when the ALJ does not perform a function-by-function analysis. Mascio, 780 F.3d at 636. If an ALJ assesses a claimant's ability to perform relevant functions despite contradictory evidence in the record and the analysis allows for meaningful review, remand is not appropriate. Id.

Review of the record shows that the magistrate judge correctly assessed the ALJ determination. The ALJ considered the opinion by Dr. Bery that she needed to lie down for four hours during the workday in addition to normal breaks. R. 29, 467. However, the ALJ discounted the finding because the doctor stated that his assessment was based on Glenda's statements to him, R. 29, 466-467. The ALJ also cited to objective evidence in the record that caused her to limit her reliance on that finding.

The court finds that the magistrate judge adequately addressed and rejected the argument that remand is required in the absence of a function-by-function analysis. The magistrate judge also adequately addressed and rejected the argument that the ALJ failed to make specific findings about her need for breaks. Thus, the court **OVERRULES** this objection.

### C. Subjective Allegations of Impairment

In her motion for summary judgment, Glenda noted that she testified at the hearing that she cannot sit or stand very long, has trouble concentrating and remembering, and stops frequently during the day to rest when attempting any activity. She said that the ALJ did not properly consider her subjective symptoms under the regulations.[5]

---

[5] The ALJ is supposed to consider factors relevant to a claimant's symptoms, such as pain, including (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the

10

The magistrate judge found that this argument was a restatement of Glenda's prior assertion that the ALJ erred by discounting her testimony that she cannot sit or stand very long and must lie down during the day, and concluded that the argument had been analyzed in detail. Glenda argues that the magistrate judge erred because the ALJ must do more than simply summarize testimony and then provide a conclusion that her allegations are not fully supported.

The ALJ in this case did not simply summarize Glenda's testimony and then conclude that her allegations are not fully supported. Rather, she summarized Glenda's hearing testimony about the effect of her impairments on her daily activities, discussed notes, examinations, and assessments from health care providers, noted that Glenda told health care providers that medication gave her some relief from pain, and concluded that not all of her alleged symptoms were consistent with the medical evidence. The court agrees that substantial evidence supports the ALJ's determination that Glenda's impairments leave her capable of doing light work with additional restrictions.

Glenda further argued that the ALJ did not acknowledge the limited extent of her daily activities and her failure to do so warrants remand under Brown v. Comm'r, 873 F.3d 251 (4th Cir. 2017). In Brown, the Fourth Circuit remanded a case in part because the ALJ listed a claimant's daily activities of cooking, driving, doing laundry, collecting coins, attending church, and shopping, but did not acknowledge the limited extent of the activities or explain how the

---

claimant takes or has taken to relieve pain or other symptoms; (5) treatment, other than medication the claimant has received for pain or other symptoms; (6) any measures the claimant has used to relieve pain or other symptoms, such as lying flat, standing for 15 or 20 minutes every hour, or sleeping on a board; and (7) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4).

activities showed he could sustain a full-time job. See also Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)) (observing that it is not enough for an ALJ to state in a conclusory manner that a claimant's testimony regarding limitations placed on his daily activities was unsupported by the medical evidence; rather, an ALJ must articulate "some legitimate reason for his decision" and "build an accurate and logical bridge from the evidence to his conclusion.")

Glenda claims her case is like Brown, because the ALJ failed to acknowledge the limited extent of activities she pointed to in support of her conclusion that Glenda's allegations are not fully supported. However, neither in her brief in support of her motion for summary judgment nor in her objections to the R&R did Glenda point to activities on which the ALJ relied in support of her conclusions. Nor does review of the record show that the ALJ relied on any of Glenda's daily activities to find that she can do light work. Although Glenda testified that her daily activities are limited and she must take breaks when performing them, R. 49-60, the ALJ did not cite to the testimony in support of her conclusions.

The only activities cited by the ALJ were that Glenda said that she could write for about fifteen to twenty minutes and that she does not have difficulty holding onto objects or using buttons or zippers, although the activities are painful. R. 27. However, the ALJ accommodated these limitations by finding that she could only occasionally perform handling, feeling, and fingering. R. 20. The ALJ did not rely on a finding that Glenda can do activities around the house or engage in hobbies to support a finding that she was not disabled. Therefore, Brown does not apply. For these reasons, Glenda's objection to the magistrate judge's opinion that the ALJ properly considered her subjective complaints of impairment is **OVERRULED**.

### D. State Agency Physicians

Glenda claims that the magistrate judge ignored the fact that the ALJ's reliance on the opinions of the state agency physicians was misplaced because significant evidence of record was developed after they rendered their opinions. However, not only did the magistrate judge address this issue, he pointed out that the ALJ gave the opinions of the state agency physicians limited weight because evidence received at the hearing supported additional exertional, postural, manipulative, and environmental limitations. Glenda's objection is **OVERRULED**.

### CONCLUSION

For the reasons stated, the court finds no error in the magistrate judge's conclusion that the ALJ's decision is supported by substantial evidence. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: 02-18-2020

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge